FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 13 2019

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### DELTA DIVISION

**SHARON WHITAKER and TRAVIS CESSOR,**                    **PLAINTIFFS**
**Each Individually and on Behalf of**
**All Others Similarly Situated**

vs.                                    No. 2:19-cv-155- JM

**YOUTH OPPORTUNITY INVESTMENTS, LLC**                    **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Sharon Whitaker and Travis Cessor, each individually and on behalf of all others similarly situated, by and through their attorneys Lydia H. Hamlet and Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action ("Complaint") against Defendant Youth Opportunity Investments, LLC ("Defendant"), they state and allege as follows:

### I.      PRELIMINARY STATEMENTS

1.      This is a collective action brought by Sharon Whitaker and Travis Cessor (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, against Defendant for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and the minimum wage and overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* (the "AMWA").

2.      Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of

This case assigned to District Judge *Moody*
and to Magistrate Judge *Harris*

Defendant's failure to pay proper minimum wage and overtime compensation under the FLSA and the AMWA.

## II.      JURISDICTION AND VENUE

3.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.      This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.      The acts complained of herein were committed and had their principal effect against Plaintiffs within the Delta Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.      THE PARTIES

6.      Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

7.      Plaintiff Whitaker ("Whitaker") is an individual and resident of Desha County.

8.      Plaintiff Cessor ("Cessor") is an individual and resident of Desha County.

9.      At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA.

10.     Defendant is a foreign limited liability company with its principal place of business in Carmel, Indiana.

11.     Defendant's registered agent for service in Arkansas is Sylvester L. Smith at 300 S. Spring Street, Suite 300, Little Rock, Arkansas 72201.

12.     Defendant owns and operates a youth treatment center in Dermott.

13.     Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

14.     Defendant has at least two employees engaged in commerce or in the production of goods for commerce, or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

15.     Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

## IV.     FACTUAL ALLEGATIONS

16.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

17.     Defendant owns and operates a youth care facility in Dermott called Demott Youth Academy.

18.     Dermott Youth Academy was formerly owned and operated by the state of Arkansas or a state-run entity.

19.     Defendant acquired Dermott Youth Academy in July of 2019.

20.     Upon information and belief, Defendant assumed the predecessor's liabilities upon acquisition.

21.     Defendant had a timeclock system by which Plaintiffs and similarly situated employees recorded their time.

22.     Whitaker was employed by Defendant as an hourly-paid Youth Care Worker from 2017 until November of 2019.

23.     Whitaker worked from approximately 11 o'clock PM until 7 o'clock AM, and her duties included making rounds to check on youth participants and monitoring the morning activities such as breakfast.

24.     Upon information and belief, all Youth Care Workers were scheduled for eight-hour shifts.

25.     Youth Care Workers regularly worked more than forty hours in a week.

26.     Cessor was employed by Defendants as an hourly-paid Residential Care Technician from September of 2017 until August of 2019.

27.     Residential Care Technicians were scheduled for twelve-hour shifts, from approximately 7 o'clock PM until 7 o'clock AM, four or five days a week.

28.     Residential Care Technicians were responsible for monitoring the youth participants in their dorms.

29.     Defendant required Residential Care Technicians to clock out at 7 o'clock AM, but required them to remain at work cleaning dorm rooms until the next shift arrived, which was usually two to three hours later.

30.     Plaintiffs and similarly situated employees regularly worked more than forty hours in a week.

31.     Instead of paying an overtime rate, Defendant put Plaintiffs' and similarly situated employees' overtime hours into a "leave bank" at a one-to-one ratio.

32.     Plaintiffs and similarly situated employees did not receive an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty in a week.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

33.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

34.     Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Overtime premiums for all hours worked over forty (40) in any week;

B.     Liquidated damages; and

C.     Attorney's fees and costs.

35.     Plaintiff proposes the following class under the FLSA:

**All hourly paid employees who worked more than forty hours in any week within the last three years.**

36.     In conformity with the requirements of FLSA Section 16(b), Plaintiffs have filed or will soon file written Consents to Join this lawsuit.

37.     The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

38.     The members of the proposed FLSA class are similarly situated in that they share these traits:

A.     They were subject to Defendant's common practice of converting overtime hours to a "leave bank" on a one-to-one ratio;

B.     They were subject to Defendant's common policy of failing to pay an overtime rate for all hours worked over forty in a week; and

C.     Their time was tracked and recorded in the same manner.

39.     Plaintiffs are unable to state the exact number of the class but believe that the class is exceeds twenty persons.

40.     Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

41.     The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

42.     The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.     FIRST CLAIM FOR RELIEF
### (Individual Claims for FLSA Violations)

43.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

44.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

45.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

46.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

47.     Defendant classified Plaintiffs as non-exempt from the requirements of the FLSA.

48.     Defendant failed to pay Plaintiffs one and one-half times their regular rate of pay for hours worked in excess of forty per week.

49.     Defendant failed to pay Plaintiff Cessor for all hours worked, including an overtime premium for all hours worked over forty in a week.

50.     Defendant knew or should have known that its actions violated the FLSA.

51.     Defendant's conduct and practices, as described above, were willful.

52.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

53.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

54.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.       SECOND CLAIM FOR RELIEF
### (Collective Action Claims for FLSA Violations)

55.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

56.     Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

57.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

58.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

59.     Defendant classified Plaintiffs and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

60.     Defendant failed to pay Plaintiffs and similarly situated employees one and one-half times their regular rate for all hours worked in excess of forty per week.

61.     Defendant knew or should have known that its actions violated the FLSA.

62.     Defendant's conduct and practices, as described above, were willful.

63.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated

damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

64.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

65.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and the class members as provided by the FLSA, Plaintiffs and the class members are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.     THIRD CLAIM FOR RELIEF
### (Individual Claims for AMWA Violations)

66.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

67.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

68.     At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

69.     Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee

meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

70.     Defendant classified Plaintiffs as non-exempt from the requirements of AMWA.

71.     Defendant failed to pay Plaintiffs overtime wages as required under the AMWA for all hours that Plaintiffs worked in excess of forty (40) per week.

72.     Defendant failed to pay Plaintiff Cessor for all hours worked, including an overtime premium for all hours worked over forty in a week.

73.     Defendant knew or should have known that its practices violated the AMWA.

74.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

75.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Sharon Whitaker and Travis Cessor, each individually and on behalf of all others similarly situated, respectfully pray that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.     Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.      Certification of a class under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.      Judgment for damages suffered by Plaintiffs and all others similarly situated for all unpaid compensation under the FLSA, the AMWA and their related regulations;

D.      Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E.      An order directing Defendant to pay Plaintiffs and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

F.      Such other and further relief as this Court may deem just and proper.

                            Respectfully submitted,

                            **SHARON WHITAKER and TRAVIS CESSOR, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

                            SANFORD LAW FIRM, PLLC
                            One Financial Center
                            650 South Shackleford Road, Suite 411
                            Little Rock, Arkansas 72211
                            Telephone: (501) 221-0088
                            Facsimile: (888) 787-2040


                            Lydia H. Hamlet
                            Ark. Bar No. 2011082
                            lydia@sanfordlawfirm.com


                            Josh Sanford
                            Ark. Bar No. 2001037
                            josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**SHARON WHITAKER and TRAVIS CESSOR,**          **PLAINTIFFS**
**Each Individually and on Behalf of**
**All Others Similarly Situated**

vs.                              No. 2:19-cv-_____

**YOUTH OPPORTUNITY INVESTMENTS, LLC**          **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly-paid worker for Youth Opportunity Investments, LLC, within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

**SHARON WHITAKER**

December 13, 2019

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**