IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**SHARON WHITAKER and TRAVIS CESSOR,**　　　　　　　　**PLAINTIFFS**
Each Individually and on Behalf of
All Others Similarly Situated

VS.　　　　　　　　　　No. 2:19-cv-155-JM

**YOUTH OPPORTUNITY INVESTMENTS, LLC**　　　　　　　　**DEFENDANT**

## ANSWER

**COMES NOW**, Defendant, Youth Opportunity Investments, LLC by and through its attorneys The Firm, PLLC and for its answer to the Plaintiffs' Complaint state and alleged:

### PRELIMINARY STATEMENTS

1.　Defendant admits that this is an action for alleged minimum wage violations. However, Defendant expressly denies that such violations occurred.

2.　Defendant admits that Plaintiff seeks the relief stated in this averment. However, the Defendant expressly denies that Plaintiffs are entitled to such relief.

### JURISDICTION AND VENUE

3.　Defendant admits the statements in averment 3 of Plaintiffs' Complaint.

4.　Defendant admits the statements in averment 4 of Plaintiff's' Complaint.

5.　The Defendant admits the acts Plaintiffs raises in their Complaint allegedly occurred within the Delta Division of the Eastern District of Arkansas. However, the Defendant expressly denies that such acts did occur.

### THE PARTIES

6.　Averment 6 requires no response from the Defendant.

1

7. Defendant is without sufficient knowledge and information to admit or deny the information stated in Averment 7 of Plaintiffs' Complaint and therefore denies same.

8. Defendant is without sufficient knowledge and information to admit or deny the information stated in Averment 8 of Plaintiffs' Complaint and therefore denies same.

9. Defendant admits the statements in Averment 9 of Plaintiffs' Complaint.

10. Defendant admits the statements in Averment 10 of Plaintiffs' Complaint.

11. Defendant admits the statements in Averment 11 of Plaintiffs' Complaint.

12. Defendant admits that it operates the youth treatment center in Dermott, Arkansas; however, the Defendant denies that it owns these facilities as outlined in Averment 12.

13. Defendant admits the statements in Averment 13 of Plaintiffs' Complaint.

14. Defendant admits that it has at least two employees engaged in commerce, however, Defendant denies the remainder of averment 14 of Plaintiffs' Complaint.

15. Defendant admits the statements in Averment 15 of Plaintiffs' Complaint.

## FACTUAL ALLEGATIONS

16. Averment 16 requires no response from the Defendant.

17. Defendant admits that it operates the youth treatment center in Dermott, Arkansas; however, the Defendant denies that it owns these facilities as outlined in Averment 17.

18. Defendant denies that the State of Arkansas (the "State") no longer owns the Dermott Youth Academy ("DYA"); however Defendant admits that the State ceased operating the facility in July of 2019.

19. Defendant denies that it "acquired" the DYA; however Defendant admits that it began operating the facility in July of 2019.

20. Defendant denies that it assumed the State's liabilities as stated in Averment 20 of Plaintiffs' Complaint.

21. Defendant admits the statements in Averment 21 of Plaintiffs' Complaint.

22. Defendant denies the allegations in Averment 22 of Plaintiffs' Complaint. Pleading affirmatively, Defendant states that it employed Separate Plaintiff Whitaker from July 1, 2019 until October 11, 2019.

23. Defendant admits statements in Averment 23 of Plaintiffs' Complaint.

24. Defendant admits statements in Averment 24 of Plaintiffs' Complaint.

25. Defendant admits statements in Averment 25 of Plaintiffs' Complaint.

26. Defendant is without sufficient information to admit or deny Separate Defendant Cessor's schedule prior to his employment with Defendant, therefore Defendant denies Averment 26 of Plaintiffs' Complaint. Pleading affirmatively, the Defendant admits that Separate Plaintiff Cessor worked for it from July 1, 2019 until on or about September 4, 2019.

27. Defendant denies Averment 27 of Plaintiffs' Complaint.

28. Defendant admits statements in Averment 28 of Plaintiffs' Complaint.

29. Defendant denies Averment 29 of Plaintiffs' Complaint.

30. Defendant admits statements in Averment 30 of Plaintiffs' Complaint.

31. Defendant denies Averment 31 of Plaintiffs' Complaint.

32. Defendant denies Averment 32 of Plaintiffs' Complaint.

## REPRESENTATIVE ACTION ALLEGATIONS

33. Averment 33 requires no response from the Defendant.

34. Defendant admits that this is an action for alleged FLSA violations. However, Defendant expressly denies the remainder of Averment 34 including sub-parts.

35. Defendant objects to the designation of a class of Plaintiffs under this action.

36. Defendant is without sufficient knowledge and information to admit or deny the information stated in Averment 36 of Plaintiffs' Complaint and therefore denies same.

37. Defendant admits that the relevant time period for the claims in this action is 3 years. However, Defendant expressly denies the remainder of Averment 37.

38. Defendant denies Averment 38 of Plaintiffs' Complaint; including sub-parts A-B. The Defendant Admits sub-part C regarding a common method of time tracking.

39. Defendant is without sufficient information to admit or deny Averment 39 of Plaintiff's Complaint therefore Defendant denies same.

40. Defendant denies that it can "readily" identify the prospective class as stated in Averment 40 of Plaintiffs' Complaint.

41. Defendant admits the statements in Averment 41 of Plaintiffs' Complaint.

42. Defendant denies that it possesses "many" email addresses of the prospective class members as stated in Averment 42 of Plaintiffs' Complaint.

## FIRST CLAIM FOR RELIEF

43. Averment 43 requires no response from the Defendant.

44. Defendant admits that this claim was filed pursuant to the FLSA. However, Defendant expressly denies the Plaintiffs are entitled to any relief.

45. Defendant admits the statements in Averment 45 of Plaintiffs' Complaint.

46. Defendant admits the statements in Averment 46 of Plaintiffs' Complaint.

47. Defendant admits the statements in Averment 47 of Plaintiffs' Complaint.

48. Defendant denies Averment 48 of Plaintiffs' Complaint.

49. Defendant denies Averment 49 of Plaintiffs' Complaint.

50. Defendant denies Averment 50 of Plaintiffs' Complaint.

51. Defendant denies Averment 51 of Plaintiffs' Complaint.

52. Defendant denies Averment 52 of Plaintiffs' Complaint.

53. Defendant denies Averment 53 of Plaintiffs' Complaint.

54. Defendant denies Averment 54 of Plaintiffs' Complaint.

## SECOND CLAIM FOR RELIEF

55. Averment 55 requires no response from the Defendant.

56. Defendant admits that this claim was filed pursuant to the FLSA. However, Defendant expressly denies the Plaintiffs are entitled to any of the relief outlined in Averment 56 of Plaintiffs' Complaint.

57. Defendant admits the statements in Averment 57 of Plaintiffs' Complaint.

58. Defendant admits the statements in Averment 58 of Plaintiffs' Complaint.

59. Defendant admits the statements in Averment 59 of Plaintiffs' Complaint.

60. Defendant denies Averment 60 of Plaintiffs' Complaint.

61. Defendant admits that it understands labor law; including FLSA. However, Defendant expressly denies that it committed any FLSA violations as stated in Averment 61 of Plaintiffs' Complaint.

62. Defendant denies Averment 62 of Plaintiffs' Complaint.

63. Defendant denies Averment 63 of Plaintiffs' Complaint.

64. Defendant denies Averment 64 of Plaintiffs' Complaint.

65. Defendant denies Averment 65 of Plaintiffs' Complaint.

## THIRD CLAIM FOR RELIEF

66. Averment 66 requires no response from the Defendant.

67. Defendant admits this action is sought pursuant to Ark. Code Ann. §11-4-203(4). However, Defendant expressly denies that it committed any violations of Arkansas law as stated in Averment 67 of Plaintiffs' Complaint.

68. Defendant admits that it has been an Arkansas employer since July 1, 2019. However, the Defendant denies the remainder of Averment 68 of Plaintiffs' Complaint.

69. Defendant admits the statements in Averment 69 of Plaintiffs' Complaint.

70. Defendant admits the statements in Averment 70 of Plaintiffs' Complaint.

71. Defendant denies Averment 71 of Plaintiffs' Complaint.

72. Defendant denies Averment 72 of Plaintiffs' Complaint.

73. Defendant denies Averment 73 of Plaintiffs' Complaint.

74. Defendant denies Averment 74 of Plaintiffs' Complaint.

75. Defendant denies Averment 75 of Plaintiffs' Complaint.

76. Defendant denies the wherefore statement of Plaintiffs' Complaint and its subparts.

## AFFIRMATIVE DEFENSES

77. Pleading affirmatively, the Defendant pleads insufficient process.

78. Pleading affirmatively, the Defendant pleads improper venue.

79. Pleading affirmatively, the Defendant pleads lack of personal jurisdiction.

80. Pleading affirmatively, the Defendant pleads insufficient service of process.

81. Pleading affirmatively, the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

82. Pleading affirmatively, the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 19 due to Plaintiffs' failure to name the State of Arkansas as a Defendant.

83. Pleading affirmatively, the Defendant reserves the right to amend this answer and to file a counterclaim.

## JURY DEMAND

84. Defendant respectfully requests a trial by jury.

**WHEREFORE**, the Defendant, Youth Opportunity Investments, Inc. prays the Plaintiffs' Complaint will be dismissed, for attorneys fees and costs, and all other just and proper relief.

                                                Respectfully Submitted,

                                                /s/ Sylvester L. Smith
                                                Sylvester L. Smith
                                                Ark Bar No. 2013146
                                                The Firm, PLLC
                                                4137 JFK BLVD Unit D
                                                North Little Rock, AR 72216
                                                (501) 429-4885 phone
                                                ssmith@thefirmpllc.net

## CERTIFICATE OF SERVICE

I Sylvester L. Smith do state and affirm that a copy of the above was sent to the below named counsel via the Court's efile system on February 5, 2020.

Lydia Hamlet
Josh Sanford
Sanford Law Firm, LLC
One Financial Center
650 South Shackelford, Suite 411
Little Rock, AR 72211

                                                /s/ Sylvester L. Smith